IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK ELKINS, ) | |
| ) | |
| Plaintiff, ) | Case No. 06 C 823 |
| ) | |
| vs. ) | Judge Robert W. Gettleman |
| ) | |
| OCWEN FEDERAL SAVINGS BANK, ) | Magistrate Judge |
| EXPERIAN INFORMATION ) | Arlander Keys |
| SOLUTIONS, INC. AND EQUIFAX ) | |
| INFORMATION SERVICES LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant Ocwen Loan Servicing LLC's ("Ocwen") Motion for Reconsideration. Ocwen asks the Court to reconsider its June 23, 2006 Order, directing Ocwen to respond to Plaintiff's interrogatories and requests for production by July 7, 2006, and determining that Ocwen's delay in responding to this discovery warranted a waiver of all objections. For the reasons set forth below, Ocwen's Motion is Granted in part, and Denied in part.

## BACKGROUND FACTS

Plaintiff filed suit against Defendants, alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 (West 2006) and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (West 2006). On April 12, 2006, Plaintiff served interrogatories and document requests upon Defendant Ocwen. Ocwen failed to respond within 30 days, and instead made

repeated requests to Plaintiff's counsel to extend the time to respond. Plaintiff reluctantly agreed, extending the deadline first to May 19th, then May 24th and then to June 12th. Those deadlines came and went without adequate responses from Ocwen, and, on June 15, 2006, Plaintiff filed a Motion to Compel Discovery against Ocwen.

The parties appeared before the Court on June 23, 2006, and argued their respective positions on the Motion. After weighing the parties' arguments, the Court granted Plaintiff's Motion to Compel. The Court ordered Ocwen to respond to the outstanding discovery requests on or before July 7, 2006 and ruled that there were consequences for Ocwen's repeated foot-dragging – all of Ocwen's potential objections to the relevant discovery requests would be waived.

Less than one week later, Ocwen uncovered information undermining Plaintiff's RESPA claim[1]. During the course of Plaintiff's June 28th deposition, Plaintiff admitted that he had, in fact, received an acknowledgment letter from Ocwen within 20 days of his qualified written request to the company[2]. This testimony contradicted some of the allegations in Plaintiff's

---

[1] For purposes of this Motion, the Court will refer to that portion of the Complaint impacted by the admission as the RESPA pattern and practice claim.

[2] In addition to this admission, Plaintiff also produced a contemporaneous letter acknowledging his timely receipt of Ocwen's response.

2

Complaint, as well as Plaintiff's previous unsworn statements to Ocwen, through his counsel, that he had not received the letter[3]. Ocwen apparently concluded that the admission rendered Plaintiff's RESPA claim baseless, and, therefore, that it would be unjust for Ocwen to be compelled to engage in costly and time-consuming efforts to produce the evidence relevant to the RESPA pattern and practice claim. But instead of notifying this Court of the newly-discovered evidence, Ocwen took matters into its own hands.

Ocwen filed its Responses to the discovery requests on July 7th, but waited until the parties appeared before this Court on July 10, 2006, to produce only some of the requested discovery. Notably, Ocwen included both blanket objections to the discovery requests, as well as specific objections to Plaintiff's individual interrogatories and requests for production, in direct violation of this Court's June 23rd Order. On that same day, Ocwen filed objections to this Court's June 23rd Order with the district court.

Plaintiff offered Ocwen the opportunity to withdraw its discovery objections, but Ocwen declined. Ocwen's tardy production and objections prompted Plaintiff to file a Motion for

---

[3] Ocwen notes that, shortly after Plaintiff filed suit, it contacted Plaintiff's counsel and produced a copy of its timely response to Plaintiff's qualified written request, demonstrating its compliance with RESPA.

Rule to Show Cause why Ocwen should not be sanctioned for violating this Court's Order.

Ocwen put its concerns about the violation on the backburner, and focused instead upon the substance (or purported lack thereof) of Plaintiff's RESPA pattern and practice claim. Ocwen filed a Motion for Summary Judgment on July 18, 2006, arguing that Plaintiff's own deposition testimony was fatal to his RESPA claim. Judge Gettleman took the Motion for Summary Judgment under advisement, but deferred ruling on Ocwen's Objections to this Court's June 23rd Order. The district court encouraged the parties to resolve the discovery dispute with this Court.

On July 24, 2006, Ocwen filed a Motion for Reconsideration of this Court's June 23rd Order, and four days later, Ocwen filed its Response to Plaintiff's Motion for Rule to Show Cause. In both Motions, Ocwen contends that Plaintiff's admission that he received the acknowledgment letter obviates any reasonable basis for requiring Ocwen to produce a substantial amount of the discovery that was at the heart of Plaintiff's Motion to Compel.

Ocwen's Motion for Reconsideration is careful to couch the argument in the context of newly discovered evidence – and, to a certain extent, it does so quite successfully. Rule 60(b)(2) of the Federal Rules of Civil Procedure provides for relief from a court's order due to "newly discovered evidence which by due

4

diligence could not have been discovered" earlier. Ocwen has demonstrated that: 1) despite its previous efforts to refresh Plaintiff's recollection, Plaintiff waited until June 28th to acknowledge his timely receipt of Ocwen's letter; 2) Plaintiff's admission goes to the heart of his RESPA pattern and practice claim, and is not merely cumulative or impeaching; and 3) the evidence is such that reconsideration of the claim would likely produce a new result. *See In re Chicago Milwaukee, St. Paul & Pacific Railway Co.*, 78 F.3d 285, 293-94 (7th Cir. 1996).

Clearly, Plaintiff's admission satisfies Rule 60(b)(2)'s newly discovered evidence requirements, and warrants reconsideration. The Court is well aware of the limits of its jurisdiction, and does not presume to predict how Judge Gettleman will rule on the Motion for Summary Judgment. However, even a cursory review of the facts in this case and RESPA caselaw indicates that Plaintiff's admission raises a question mark as to whether Plaintiff can proceed on his RESPA pattern and practice claim. *See generally, Bally v. Homeside Lending, Inc.*, 02 C 5799, 2005 WL 2250856, at *2-3 (N.D. Ill. Sept. 8, 2005) (Judge Gettleman granting the defendant's motion for summary judgment, because the plaintiff, who was also represented by Mr. Elkin's counsel, admitted that she did not send her request to the proper address) Had Ocwen been able to persuasively argue to the Court that some of Plaintiff's discovery requests sought information

relevant only to a claim that might be disposed of on summary judgment, the Court would not have ordered Ocwen to undertake time-consuming and costly efforts to produce such evidence at this time. *See Wells Fargo Financial Leasing, Inc. v. Comdisco, Inc.*, 2006 WL 1519324, at *4-5 (N.D. Ill. May 30, 2006).

But then Ocwen goes too far. Ocwen argues that, in light of Plaintiff's admission, the appropriate course of action would be for the Court to vacate its June 23rd Order and permit Ocwen to assert its objections. The Court disagrees. While Ocwen may have put the cart before the horse in objecting to producing the pattern and practice evidence, Plaintiff's late admission put Ocwen in a difficult position -- albeit not one without recourse[4] - and reconsideration with regard to that portion of the Order is warranted. However, Ocwen's newly discovered evidence argument does not explain why it felt entitled to raise blanket objections in response to Plaintiff's discovery requests. Ocwen has not demonstrated that Plaintiff's admission has any impact beyond his RESPA pattern and practice claim. Nor does it explain why Ocwen waited until July 10th to produce documents that it was ordered to produce on July 7th. As highlighted by Plaintiff in his

---

[4] Instead of gambling that Judge Gettleman's Summary Judgment ruling would negate the implementation of this Court's Order, Ocwen would have been better served to have called this Court's attention to Plaintiff's admission by filing a Motion to Stay or for Reconsideration prior to the July 7th production deadline.

6

Motion for Rule to Show Cause[5], Ocwen has come forward with no reasonable excuse for violating the remainder of the Court's June 23rd Order.

Therefore, the Court will excuse Ocwen from producing evidence relevant only to Plaintiff's RESPA pattern and practice claim, at this time. However, Ocwen is still bound by the remainder of the Order, and must produce the remainder of the requested discovery without objections.

---

[5] Although Plaintiff's Motion for Rule to Show Cause is not the subject of this Memorandum Opinion and Order, the arguments raised therein are relevant to the Motion to Reconsider. This Court's Order was entered after a conscientious evaluation of the arguments presented by the parties at the time. Compliance with Court orders is not optional and subject to revision at Ocwen's discretion. Ocwen may have felt entitled to relief, but self-help is not an appropriate course of action. The Court is mindful of the possible long-term ramifications of imposing sanctions and/or a finding of contempt against counsel. For that reason, the Court will not address Plaintiff's Motion for Rule to Show Cause at this time. However, the Court strongly encourages the parties to resolve the Motion for Rule to Show Cause on their own, prior to their next scheduled appearance before this Court.

**Conclusion**

For the reasons set forth above, the Court revises its June 23rd Order, staying all discovery on Plaintiff's RESPA "pattern and practice" claim until Judge Gettleman rules on Ocwen's Motion for Summary Judgment. The Court will revisit this Order after that time. Defendant Ocwen's Motion to Reconsider is Granted in Part and Denied in Part.

Dated: September 1, 2006

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge