IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK ELKINS, )
)
        Plaintiff, )
) No. 06 C 0823
   v. )
) Judge Robert W. Gettleman
OCWEN FEDERAL SAVINGS BANK, )
EXPERIAN INFORMATION SOLUTIONS, INC., )
and EQUIFAX INFORMATION SERVICES, LLC, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Elkins has brought a four count complaint against defendant Ocwen Federal Savings Bank ("Ocwen"), Experian Information Solutions, Inc. and Equifax Information Services, LLC, alleging violations of the Fair Credit Reporting Act and Cranston-Gonzales amendments to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. Ocwen has moved for partial summary judgment on Count IV, plaintiff's RESPA claim against it. For the reasons set forth below, the motion is granted.

## FACTS

Plaintiff obtained a loan from Ocwen to purchase property located at 1816 Whitney Drive, Hanover Park, Illinois. Prior to paying off the loan, plaintiff filed for protection under Chapter 13 of the Bankruptcy Code. Plaintiff's loan with Ocwen was identified on the Trustee's Final Report and Account, which indicates that the loan was paid in full. Ocwen reported to the credit reporting agencies that plaintiff's loan was discharged in bankruptcy. Plaintiff sent a letter to Ocwen dated January 31, 2005, complaining that Ocwen was inaccurately reporting the loan as a "paid charge-off." Although the complaint alleges otherwise, it is undisputed that Ocwen

responded in a letter dated February 9, 2005, in which it confirmed that the loan was paid in full as of January 25, 2002, and Ocwen was now reporting it as "paid in full."

## DISCUSSION

In Count IV, plaintiff alleges that Ocwen violated the Cranston-Gonzales amendments to RESPA, 12 U.S.C. § 2605(e)(1)(a) and (2) which provides:

> **(e) Duty of loan servicer to respond to borrower inquiries**
>
> > **(1) Notice of receipt of inquiry**
> >
> > > **(A) In general**
> > >
> > > > If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.
>
> > \*   \*   \*
>
> > **(2) Action with respect to inquiry**
> >
> > > Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall--
> > >
> > > > **(A)** make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

> **(B)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
>
>> **(I)** to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>>
>> **(ii)** the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistant to the borrower; or
>
> **(C)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
>
>> **(I)** information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>>
>> **(ii)** the name and telephone number of an individual employed by, or the officer or department of, the servicer who can provide assistance to the borrower.

Plaintiff's complaint first charges Ocwen with violating § 2605(e)(1)(A), by failing to acknowledge within 20 days receipt of plaintiff's January 31, 2005, letter. The undisputed facts demonstrate, however, that Ocwen did in fact acknowledge receipt in Ocwen's February 9, 2005, letter to plaintiff. Accordingly, Ocwen is entitled to summary judgment on plaintiff's claim that Ocwen violated § 2605(e)(1)(A).

In addition to requiring a loan servicer to acknowledge receipt of a qualified written request, subsection (2) of the Act also requires the servicer to do one of three things within 60 days of receiving that request: (1) correct borrower's account and inform the borrower of those corrections in writing; (2) investigate and provide a written explanation to the borrower of the reasons that the servicer believes the borrower's account is correct; or (3) investigate and provide a written explanation to the borrower of the reasons that the servicer cannot obtain the information that the borrower is requesting. 12 U.S.C. § 2605(e)(2)(A)-(C). Johnstone v. Bank of American, N.A., 173 F. Supp.2d 809, 812 (N.D. Ill. 2001).

In the instant case, Ocwen's February 9, 2005, letter clearly indicates that it investigated plaintiff's concern, agreed with plaintiff, and has reported plaintiff's loan as paid in full as of January 25, 2002, to the credit bureaus. Thus, Ocwen informed plaintiff that it had corrected his account as requested. Therefore, the February 9, 2005, letter complies with § 2605(e)(2)(A).

While acknowledging receipt of Ocwen's February 9, 2005, letter, plaintiff nonetheless argues that summary judgment is inappropriate. Plaintiff's argument is based on the untenable position that § 2506(e)(2) provides a servicer with two options only, rather than three, because subsections (2)(A) and (2)(B) are not separated by the word "or" as is subsection (2)(C). Plaintiff argues that upon receipt of a qualified written request a servicer must comply with both subsections (A) and (B), or with subsection (C). Therefore, according to plaintiff, because defendant complied with subsection (A) but did not comply with subsection (B), it has violated the Act.

Plaintiff's argument makes no sense either grammatically or logically. Grammatically, a series list separated by semicolons, with the word "or" separating the last two items indicates

4

that "or" separates each of the items.  See e.g., Strunk & White, The Elements of Style, Third Edition, p.7.  Logically, plaintiff's argument is even more unavailing.  Subsection (A) dictates what should be done if (as in the instant case) the servicer agrees with the borrower and corrects the mistake.  Subsection (B), however, dictates what should be done if the servicer disagrees with the borrower's position.  Obviously the servicer is not required to comply with both sections; it would be impossible to do so.

Because it is undisputed that Ocwen has complied with 12 U.S.C. § 2605(e)(1) and § 2605(e)(2)(A), Ocwen's motion for summary judgment on Count IV is granted.

## **CONCLUSION**

For the reasons set forth above, Ocwen's motion for summary judgment on Count IV is granted.


**ENTER:** October 27, 2006

_____
**Robert W. Gettleman
United States District Judge**