IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK ELKINS,                )
                                       )
                Plaintiff,     )
                                       )    No.  06 C 0823
      v.                            )
                                       )    Judge Robert W. Gettleman
EQUIFAX, INC.,           )
                                       )
                Defendant.    )

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Mark Elkins brought a four count amended complaint against defendants Ocwen Federal Savings Bank for violations of the Real Estate Settlement Procedure Act and the Fair Credit Reporting Act ("FCRA"), and against Experian Information Solutions, Inc. and Equifax Information Services, LLC ("Equifax") for violations of the FCRA. Plaintiff has settled with Ocwen and Experian, leaving only his FCRA claims against Equifax. The parties have filed cross-motions for summary judgment on those claims. For the reasons discussed below, both those motions are denied.

## <u>BACKGROUND</u>

Plaintiff obtained a loan from Ocwen to purchase property in Hanover Park, Illinois. Prior to paying off the loan, plaintiff filed for protection under Chapter 13 of the Bankruptcy Code. The Ocwen loan was identified on the Trustee's Final Report and Accounting, indicating that the loan was paid in full. The loan was not paid off or settled in the bankruptcy, however; instead it was paid in full in the original amount, by refinancing prior to completion of the bankruptcy.

Although the loan had been paid in full, in 2003 Ocwen was reporting to the credit reporting agencies ("CRAs") including defendant Equifax, that the loan was discharged in the bankruptcy. Plaintiff wrote to Ocwen to dispute how it was reporting the loan. Ocwen responded on August 29, 2003, indicating that the loan was paid in full and it was submitting an update to the CRAs.

Equifax was still reporting the Ocwen tradeline as a "charged-off" loss in June 2003. Plaintiff sent a dispute letter to Equifax, to which it responded on July 7, 2003, by indicating that the "item has been deleted from the credit file."

Sometime in January 2005, plaintiff discovered that Equifax was still misreporting the loan. On January 31, 2005, he wrote to Ocwen requesting that it correct its reporting. Ocwen responded on February 9, 2005, indicating that it had been correctly reporting the loan as paid in full.

On March 21, 2005, plaintiff sent another dispute letter to Equifax. Plaintiff characterizes this letter as disputing Equifax's reporting of the Ocwen tradeline, but the body of the letter, which outlines several complaints, makes no reference to the Ocwen account. The letter does indicate that recently filed disputes with reporting companies were attached, but makes no mention of any letter from Ocwen to him. The exhibit provided to the court has no recently filed disputes with reporting companies attached, but does attach Ocwen's August 9, 2003 letter to plaintiff. He apparently sent a similar letter four days later on March 25, 2005, but that letter again makes no specific reference to Ocwen in the body, and the exhibit provided to the court has the same attachment. Neither letter made any reference to Ocwen's February 9, 2005, response letter, and Equifax denies receiving either letter.

## **DISCUSSION**

In Count II, plaintiff alleges that Equifax: (1) did not have reasonable procedures in place in 2005 to assure maximum accuracy of his credit report, in violation of 15 U.S.C. § 1681e(b); (2) did not reinvestigate the Ocwen account appearing in his credit file after it received his March 21, 2005, letter in violation of 15 U.S.C. § 1681(i); and (3) repeatedly reinserted the incorrect derogatory Ocwen tradeline after deleting it in 2003.

The parties have filed cross-motions for summary judgment on all three claims. Normally, cross-motions for summary judgment would indicate an agreement between the parties on the material facts, leaving for the court only application of those facts to the law. Nothing about this case, however, is normal. A review of the parties' L.R. 56.1 Statements reveals that few of the underlying facts are truly undisputed. That alone is sufficient to deny both motions. The court has, nonetheless, endeavored to review the record presented to it to determine if there are any undisputed facts that would entitle either party to summary judgment on any of the claims.

Plaintiff's first claim is that Equifax failed to follow reasonable procedures in 2005 to ensure proper reporting. Section 1681e(b) of the FCRA provides that:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

Plaintiff incorrectly argues that the fact that Equifax continually misreported the Ocwen tradeline in and of itself demonstrates a violation of § 1681(e)(b). The mere presence of inaccuracies in a report does not establish a violation of the Act. The FCRA does not hold CRAs strictly liable for reporting inaccuracies. See Zahran v. Trans Union Corp., 2003 WL 1733561 at

*4 (N.D. Ill. 2003) (citing <u>Cahlin v. General Motors Acceptance Corp.</u>, 936 F.2d 1151, 1160 (11th Cir. 1991)). Plaintiff must also establish that the inaccuracies were reported as a result of the CRA's failure to maintain and follow reasonable procedures. Reasonable procedures are defined as measures that a reasonably prudent person would follow under the circumstances. <u>Zahran</u>, 2003 WL 1733561 at *4 (citing <u>Bryant v. TRW, Inc.</u>, 689 F.2d 72, 78 (6th Cir. 1982)).

Plaintiff has presented no evidence that Equifax's standard procedures (if indeed it has any) are inadequate, relying instead on its argument that Equifax's repeated inaccurate reporting of the single Ocwen tradeline is sufficient. It is not. There is evidence in the record (although not undisputed) that Ocwen reported inaccurately to Equifax. A CRA need not acquire independent verification of information provided by creditors unless it has knowledge that the information may be inaccurate. <u>Id</u>. Absent evidence that Equifax's normal procedures are unreasonable, the mere presence of inaccuracies cannot support plaintiff's motion for summary judgment. Therefore, plaintiff's motion for summary judgment for a violation of § 1681e(b) is denied.

Denial of plaintiff's motion does not, however, require that Equifax's motion be granted. Equifax's evidence of its reporting procedures comes in an affidavit from Alicia Fluellen, Director of Consumer Customer Care. That affidavit indicates that Equifax gathers credit information from approximately 40,000 services, each of which has been determined to be reasonably reliable based on Equifax's prior experience or the source's reputation. Equifax conducts an extensive investigation "of all companies that wish to become a customer or furnisher." Each furnisher must sign a certification under the FCRA that it will provide accurate information.

According to the deposition of Corliss Arnold, Equifax's Director of Consumer Services, Equifax reported whatever Ocwen reported to it, even if that reporting was inconsistent, because Ocwen was a reliable source. Equifax had, however, some evidence that Ocwen was unreliable. In response to plaintiff's complaint in 2003, Equifax sent its July 7, 2003, letter acknowledging that the Ocwen report was in error and indicating that it was removing the Ocwen tradeline. Equifax admits that it somehow failed to take that corrective action, but that failure is no longer actionable. Plaintiff does not dispute that actions taken in 2003 are no longer actionable, but argues that his March 21, 2005, letter put Equifax on notice that the Ocwen tradeline was being reported inaccurately and, therefore, Ocwen was an unreliable source. As noted, however, the body of that letter makes no specific reference to Ocwen. The letter indicates that recently filed disputes with reporting companies were attached, but Equifax denies ever receiving the two March 2005 letters. Therefore, whether Equifax ever received a dispute in 2005 with respect to the Ocwen account remains contested, leaving summary judgment for either party inappropriate.

This key factual dispute also mandates denial of both parties' motions for summary judgment on plaintiff's claim that Equifax failed to reinvestigate its reporting of the Ocwen tradeline after receiving the March 21, 2005, letter. If Equifax never received that letter, or received the letter without any attachment making reference to the Ocwen account, it would have no obligation to reinvestigate that account, even if it was investigating other "disputed" items in plaintiff's credit report. Therefore, whether Equifax received any dispute letter from plaintiff in March 2005 and ,if so, whether that dispute letter contained any reference to Ocwen, is material to whether and/or what extent Equifax had a duty to investigate under the Act.

Plaintiff's final claim is that Equifax continued to reinsert the incorrect derogatory Ocwen tradeline after deleting it in 2003. The obvious factual predicate to this claim is the deletion from plaintiff's credit report of the tradeline in 2003. Equifax admits that it told plaintiff in 2003 that it was deleting the tradeline, but has presented evidence that it actually failed to do so. Therefore, if it never removed the tradeline, Equifax could not have erroneously reinserted it, even if its failure to remove was a violation of the Act.[1] Whether Equifax ever removed the Ocwen tradeline remains in dispute and precludes summary judgment on this claim.

## CONCLUSION

For the reasons set forth above, both plaintiff's and defendant's motions for summary judgment are denied. This matter is set for a report on status on March 19, 2009, at 9:00 a.m.


**ENTER:**     **March 9, 2009**


_____
**Robert W. Gettleman**
**United States District Judge**

_____

[1]The parties admit that any claim for Equifax's failure in 2003 is time-barred. 5 U.S.C. § 1681(b).